| | |
|---|---|
| **BRUCESTAN T. JORDAN,** | **Civil Action No. 13-798 (MCA)** |
| **Petitioner,** | |
| **v.** | **MEMORANDUM OPINION** |
| **UNITED STATES, et al,** | |
| **Respondents.** | |

## I.      INTRODUCTION

This matter has been opened to the Court by Petitioner's filing of a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to Rule 4 of the Rules Governing Section

2254 Cases, applicable to § 2241 through Rule 1(b), this Court is required to screen the petition

and determine whether it "plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief."  For the reasons explained below, this Court will dismiss the

challenge to Petitioner's conviction for lack of jurisdiction and dismiss the challenge to his

supervised release as moot, but will, in the interests of justice, transfer the matter to the District

Court for the Middle District of Tennessee in lieu of dismissal.

## II.      FACTUAL BACKGROUND & PROCEDURAL HISTORY

Petitioner challenges a judgment of conviction entered in the Middle District of

Tennessee.  The relevant dates for Petitioner's conviction and direct appeal have been

summarized as follows:

> A federal jury found the petitioner guilty of mail fraud and
> aggravated identity theft on November 30, 2006. *United States of*
> *America v. Brucestan Jordan*, Criminal No. 3:06–00165 (M.D.
> Tenn.) (Docket No. 79). On May 31, 2007, the Court sentenced the

1

movant to forty-eight (48) months incarceration. (*Id.*, Docket No.
131). Judgment was entered on June 1, 2007. (*Id.*, Docket No.
134). The movant filed a notice of appeal on June 4, 2007. (Id.,
Docket No. 136). On November 13, 2008, the mandate issued by
Sixth Circuit Court of Appeals affirming the petitioner's conviction
and sentence. (*Id.*, Docket No. 147). The movant filed a writ of
certiorari in the United States Supreme Court on January 26, 2009,
(*Id.*, Docket No. 148), which was denied on March 3, 2009 (*Id.*,
Docket No. 149).

*Jordan v. United States*, No. 3:10-CV-00525, 2010 WL 2640514, at *1 (M.D. Tenn. June 29,

2010).

On February 16, 2010, Petitioner, who was then-incarcerated in Miami Federal

Correctional Institution, submitted a petition for writ of habeas corpus titled "The Great Writ

'Common Law Petition for Writ of Habeas Corpus'" in the District Court for the Middle District

of Tennessee. (*See* PACER, Civ. Act. No. 10-174, Pet. at 1 (M.D. Tenn.).) Petitioner stated in

the Petition that "this Common Law Writ of Habeas Corpus is not to be construed as a 28 USC

[sic] § 2255 or any other remedy under the Antiterroism [sic] and Effective Death Penalty Act

(AEDPA)." (*Id.* at 1.) The petition, among other claims, raised a claim pursuant to the Supreme

Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646, 647 (2009). (*See id.*, Dkt.

No. 1-3, Pet. at 30-31.) The District Court for the Middle District of Tennessee construed the

petition as a habeas corpus petition pursuant to 28 U.S.C. § 2241, dismissed the petition as

improperly filed, and declined to transfer the petition to the District Court for the Southern

District of Florida. (*Id.* at Dkt. No. 7.)

On April 8, 2010, Petitioner submitted a petition for habeas relief in the District Court for

the Southern District of Florida, which was docketed on April 13, 2010; the District Court

construed the petition as a motion to vacate sentence pursuant to 28 U.S.C. § 2255 ("§ 2255

motion") and transferred it to the District Court for the Middle District of Tennessee. (*See*

PACER, Civ. Act. No. 10-525, at Dkt. Nos. 1, 4-7.) Among other claims, the motion raised a

2

claim pursuant to the Supreme Court's decision in *Flores-Figueroa v. United States*, 556 U.S. 646, 647 (2009). (*Id.*, Dkt. No. 1, Pet. at 30.) On June 29, 2010, The District Court for the Middle District of Tennessee provided Petitioner with thirty days to show cause why his § 2255 motion should not be dismissed as time barred and informed him that failure to comply with the Court's order would result in his petition being dismissed as untimely. *See Jordan v. United States*, No. 3:10-CV-00525, 2010 WL 2640514, at *2 (M.D. Tenn. June 29, 2010). The government moved to dismiss Petitioner's § 2255 motion, and the Court granted the motion on September 8, 2011, finding that Petitioner had filed his § 2255 motion for relief beyond the AEDPA's one-year limitations period and had failed to provide a basis for equitable tolling. (*See* PACER, *Jordan v. United States*, Civ. Act. No. 10-525, at Dkt. No. 71.) The Court also denied a certificate of appealability. *See id.* Petitioner did not appeal that determination.

On February 5, 2013, Petitioner submitted the instant "Petition for Writ of Habeas Corpus" ("Petition"), which was docketed on February 27, 2013. (Dkt. No. 1.) The matter was originally assigned to the Honorable Faith S. Hochberg.

On March 25, 2013, jurisdiction over Petitioner's supervised released was transferred from the Middle District of Tennessee to the District of New Jersey pursuant to 18 U.S.C. § 3605. (*See* Crim. Act. No. 13-210, Dkt. Nos. 1-2.) It appears from the record that the government sought to revoke Petitioner's supervised release based on Petitioner's failure to inform probation of his employment. (*Id.*, Dkt. No. 3.) The criminal matter was also initially assigned to Judge Hochberg.

On March 16, 2015, an Order reassigning Petitioner's habeas case from Judge Hochberg to the undersigned was sent to Petitioner at his last known address and was returned to the Court as undeliverable. (Dkt. Nos. 2, 3.) On April 22, 2015, the Court administratively terminated the

action for failure to comply with L. Civ. R. 10.1. *See* L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with the Clerk.").

On May 21, 2015, Petitioner filed an "Emergency Motion to Reopen Case and Enforcement of TRO" in both his habeas case (Dkt. No 5) and his criminal case. (Crim. Act. No. 13-210, Dkt. No. 11.) In his motions for relief, Petitioner provided his updated address, sought to reopen his habeas case, and sought leave from the Court to travel to Florida to visit his daughter. On May 26, 2015, this Court entered an Order in Petitioner's criminal case memorializing the Court's issuance of a verbal authorization for Petitioner's out-of-state travel request and administratively terminated both motions as moot. (Crim. Act. No. 13-210, Dkt. No. 12; Civ. Act. 13-798, Dkt. No. 6.)

On October 1, 2015, the Court found that Petitioner violated the terms of his supervised release, and ordering Petitioner to serve one day in custody and a one-year term of supervised release. (Crim Act. No. 13-210, Dkt. No. 18.)

III.   **ANALYSIS**

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), and Rule 5 of the Rules Governing Section 2255 Proceedings this Court is required to review Petitioner's Petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."[1] *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

---

[1] At the time, Petitioner filed the instant Petition, he was on supervised release and thus satisfied the habeas "in custody" requirement necessary for the filing of his habeas petition. *See Bosner v.*

Through the instant habeas Petition, Petitioner seeks to vacate his convictions for mail fraud and aggravated identity theft and also seeks the early termination of his supervised release. (*See* ECF No. 1, Pet. at ¶¶ 4-5.) In seeking to vacate his convictions, Petitioner appears to request relief under 28 U.S.C. § 2241 and argues that § 2255 is inadequate or ineffective. (*See id.* at ¶ 8.) Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. Appx. 87, 88 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that: [a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).

However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is

---

*District Atty Monroe Cnty.*, No. 15-2544, 2016 WL 4271872, at *2 (3d Cir. Aug. 15, 2016) (citing *Virsnieks v. Smith*, 521 F.3d 707, 717 – 18 (7th Cir. 2008)).

unable to meet the stringent gatekeeping requirements of ...§ 2255." *Cradle*, 290 F.3d at 539

(citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is

determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners

have a fair opportunity to seek collateral relief, not to enable them to evade procedural

requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate

or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255

motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that

an intervening change in substantive law may negate[.]" 119 F.3d at 251 (emphasis added).

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255

motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict

gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil*, is a

narrow one and has been held to apply in situations where the prisoner has had no prior

opportunity to challenge his conviction for a crime later deemed to be non-criminal by an

intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at

251).

More recently, in *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013), the Third

Circuit held that the safety valve applied to actual innocence claims involving an intervening

change in law that could not be challenged under § 2255:

> We have held that a § 2255 petition is "inadequate" when a
> petitioner asserts a claim of "actual innocence" on the theory that
> "he is being detained for conduct that has subsequently been
> rendered non-criminal by an intervening Supreme Court decision"
> and our own precedent construing an intervening Supreme Court
> decision, but is otherwise barred from challenging the legality of
> the conviction under § 2255. [*In re*]*Dorsainvil*, 119 F.3d [245] 252
> [(3d Cir. 1997) (emphasis added)]. Such a situation "presents

exceptional circumstances where the need for the remedy afforded
by the writ of habeas corpus is apparent." *Id.* at 250 (internal
quotation marks omitted). Under those circumstances, we will
remand to the district court to consider the record and determine
whether the petitioner is actually innocent, that is whether the
petitioner's conduct had been rendered non-criminal due to the
Supreme Court decision as well as our own precedent construing
the Supreme Court's decision. *Id.* at 252. To support an actual
innocence claim, the petitioner must "establish that 'in light of all
the evidence, it is more likely than not that no reasonable juror
would have convicted him.'" *United States v. Garth*, 188 F.3d 99,
107 (3d Cir.1999) (quoting *Bousley v. United States*, 523 U.S. 614,
623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)). A petitioner can
establish that no reasonable juror would have convicted him by
demonstrating an intervening change in law that rendered his
conduct non-criminal. *See United States v. Davies*, 394 F.3d 182,
191 (3d Cir.2005) (citing *Bousley*, 523 U.S. at 620, 118 S.Ct.
1604). While Bousley addressed the standard that a petitioner must
meet for claims brought under § 2255, this standard applies equally
to actual innocence claims brought under § 2241. *See, e.g.,*
*Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006); *Martin v.*
*Perez*, 319 F.3d 799, 804 (6th Cir. 2003).

*Id.*

In the instant Petition, Petitioner alleges that he is "presenting claims that were later

deemed non-criminal by the U.S. Supreme Court and therefore the petitioner is entitled to the

safety valve." (*See* Dkt. No. 1, Pet. at ¶ 9.) Petitioner further states in his Petition that "do [sic]

to the change in the laws [he] is actually innocent of the alleged crimes" and cites to two

Supreme Court cases, *Flores-Figueroa v. United States*, 556 U.S. 646, 647 (2009) and *Bonds v.*

*U.S.*, for which he does not provide a citation.[2] (*See id.* at ¶¶ 9-11.)

On May 4, 2009, the Supreme Court resolved a circuit split in *Flores–Figueroa*,

narrowing the interpretation of 18 U.S.C. § 1028A by construing the statute's knowledge

requirement as extending to the "of another person" element of the offense. 556 U.S. at 657.

---

[2] The Court has not located a decision titled "Bonds v. U.S." that allegedly provides Petitioner
with the "right to challenge jurisdiction" for the aggravated identity theft charge.

Section 1028A provides a five-year term of imprisonment for anyone who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person or a false identification document." 18 U.S.C. § 1028A(a)(1). Thus, after *Flores–Figueroa*, to convict a defendant of aggravated identity theft, the Government must prove not simply that a defendant invented a false identification; but that the defendant knew that the "means of identification" he or she unlawfully transferred, possessed, or used, in fact, belonged to "another person." *Flores–Figueroa*, 556 U.S. at 657.

*Flores-Figueroa* was decided on May 4, 2009, and Petitioner submitted his § 2255 habeas petition for filing on April 8, 2010. (*See* Civ. Act. No. 10-525 (M.D. Tenn.), Dkt. No. 1.) Thus, although *Flores-Figueroa* was decided after Petitioner's conviction became final, Petitioner could have raised (and apparently did raise) this claim in his § 2255 petition. As such, Petitioner cannot meet the requirement that § 2255 is inadequate or ineffective, and the Court will dismiss his § 2241 Petition for lack of jurisdiction.

Petitioner's challenge to his supervised release flows directly from his argument that he is actually innocent of aggravated identity theft based on an intervening change in law. As such, this challenge is likewise not cognizable under § 2241. Furthermore, that aspect of his habeas challenge appears moot, as Petitioner's term of supervised release appears to have expired. As such, the Court will likewise dismiss the challenge to Petitioner's supervised release as moot.

This Court may transfer a habeas action to the appropriate court where it is "in the interests of justice [to] transfer" the case. 28 U.S.C. § 1631. The Court must now decide whether to dismiss the action or to transfer it to the Sixth Circuit Court of Appeals or the District Court for the Middle District of Tennessee (Nashville). Here, it appears from the available record that Petitioner did not receive notice pursuant to *Castro v. United States*, 540 U.S. 375,

377 (2003), before the District Court for the Southern District of Florida reconstrued his habeas petition as a § 2255 petition, and, as such, it appears that the instant Petition is not a second or successive petition that requires permission from the Court of Appeals.[3] In *Castro*, the Supreme Court held

> that the court cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

540 U.S. at 377.

Having determined that this Court does not have jurisdiction to hear the instant Petition under § 2241 and that the instant Petition does not appear to be second or successive, the Court finds that it is in the interest of justice to transfer the matter to the District Court for the Middle District of Tennessee (Nashville) to determine whether Petitioner's *Flores-Figueroa* claim is untimely and/or procedurally defaulted. Petitioner has also alleged in the instant Petition that he is "actually innocent" of the crimes for which he was convicted, *see McQuiggin v. Perkins*, ‑‑‑ U.S. ‑‑‑, 133 S.Ct. 1924, 1931–32, 185 L.Ed.2d 1019 (2013), which could, if proven, permit him to overcome untimeliness and/or procedural default. For these reasons, the Court finds that it is in the interest of justice to transfer the Petition to the District Court for the Middle District of Tennessee in lieu of dismissal.

---

[3] A petitioner is required to acquire certification from the Court of Appeals before he can bring a second or successive § 2255 motion in the District Court. *See* 28 U.S.C. § 2255(h), Where a petitioner files such a motion without first obtaining the appropriate certification, the District Court lacks jurisdiction to hear the motion and the court must either dismiss the motion or transfer it to the Court of Appeals. *See United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015); *see also Robison v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## IV.   CONCLUSION

The Court will dismiss Petitioner's § 2241 challenge to his conviction for lack of

jurisdiction and will dismiss the § 2241 challenge to his sentence as moot.  For the reasons stated

in this Memorandum Opinion, the Court will transfer the matter to the District Court for the

Middle District of Tennessee (Nashville).  An appropriate Order follows.


_____
Madeline Cox Arleo, U.S.D.J.

Date: _____, 2017